# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., | Case No.: 1:19-cv-00560-AWI-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| v. | |
| | [THIRTY DAY OBJECTION DEADLINE] |
| P.L. VASQUEZ, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has conducted a preliminary screening of the petition and finds that the petition fails to present any cognizable grounds for relief. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

## I.     BACKGROUND

On March 20, 2007, Petitioner was convicted in the Alameda County Superior Court of twenty-one counts of second degree robbery. See People v. Ray, Jr., 2009 WL 4023678 (Cal. Ct. App. Nov. 23, 2009).[1] The jury also found true allegations that Petitioner personally used a firearm in the

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333

1

commission of four robberies, that he was armed with a firearm in the course of four robberies, and that he inflicted great bodily injury in two instances. Id. He was sentenced to an aggregate term of 38 years and four months in state prison. Id.

Petitioner filed the instant federal petition on April 2, 2019, in the United States District Court for the Northern District of California. Petitioner does not challenge his conviction; rather, he challenges the execution of his sentence. On April 29, 2019, the Northern District transferred the petition to the Eastern District because venue is proper in this district insofar as Petitioner is incarcerated at the California Correctional Institution in Taft, California.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a

---

(9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

2

person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

In this case, Petitioner claims that prison authorities have failed to abide by a court order issued by a Three-Judge Court of the United States District Courts for the Eastern and Northern Districts of California in the class action of Coleman v. Brown, Case No. 90-cv-520-LKK (E.D.Cal.) and Plata v. Brown, Case No. 3:01-cv-1351-JST (N.D.Cal.). The Coleman/Plata actions are consolidated civil rights class actions pending in the District Court. The Coleman class action concerns the constitutional adequacy of the mental health care provided to CDCR inmates; the class consists of "all inmates with serious mental disorders who are now, or who will in the future be, confined with the [CDCR]." (Class Cert. Order, Nov. 14, 1991, 4–5, No. 90–0520 LKK–JFM (E.D.Cal.).) The Plata class action concerns the constitutional adequacy of CDCR's inmate medical health care; the class consists of "all prisoners in the custody of the [CDCR] with serious medical needs." (Stip. for Inj. Relief 5, No. 24, No. 3:01-cv-01351 JST (N.D.Cal.).) The Three-Judge Court presiding over these class actions has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures.

Petitioner alleges that on June 20, 2013, the Three-Judge Court ordered the California Department of Corrections and Rehabilitation ("CDCR") to "implement a credit earning rate of 34%

3

to ALL inmates, regardless of their commitment offense, immediately and retroactively." (Doc. 1 at 5.) He claims that CDCR's failure to follow federal law by increasing his credit earning rate to 34% constitutes cruel and unusual punishment. (Doc. 1 at 5.) Petitioner's arguments do not merit relief.

First, to the extent that Petitioner is a class member of the action and seeks the benefit of any orders issued in that case, he must bring any claim for contempt of court through the class action's counsel. A petitioner generally may not proceed with an individual claim for injunctive relief separate and apart from the class that seeks to enforce orders issued within the class action, unless the claim is unique and specific to his needs and/or the circumstances of his incarceration. Pride v. Correa, 719 F.3d 1130, 1133–34 (9th Cir.2013); Crawford v. Bell, 599 F.2d 890, 893 (9th Cir.1979); see also Frost v. Symington, 197 F.3d 348, 359 (9th Cir.1999).

Second, the court order Petitioner references does not support his allegation that he is entitled to receive an immediate sentence reduction. The order of June 20, 2013, set forth an "Amended Plan" that would reduce the overall prison population to 137.5% design capacity by December 31, 2013. Plata, Case No. 3:01-cv-01351-JST, Doc. 2659 at 2. A part of the Amended Plan required the CDCR to implement an additional measure, the expansion of good time credits. Id. However, the court offered the CDCR three ways in which they could amend the Amended Plan: 1) CDCR could revise the expanded good time credit program, so long as the revision results in the release of at least the same number of prisoners as does the expanded measure; 2) CDCR could, in its discretion, substitute for prisoners covered by any measure in the Amended Plan an equivalent number of prisoners by using a "Low Risk List"; or 3) CDCR could substitute any measure on the List for any measure in the Amended Plan, so long as the number of prisoners to be substituted equals or exceeds the number of prisoners to be substituted for and CDCR provides the court with incontestable evidence that the substitution of prisoners to be released will be completed by December 31, 2013. Id., Doc. 2659 at 2-3. Nothing in the order required the CDCR to immediately grant all inmates a credit-earning rate of 34%.

Moreover, on February 10, 2014, the Three-Judge Court issued an order granting the CDCR an extension of the deadline to implement measures by an additional two years. Id., Doc. 2767 at 4-5. As to the expansion of the good time credit program, the court ordered the CDCR to "increase credits

4

prospectively for non-violent second-strike offenders and minimum custody inmates." Id., Doc. 2766 at 3. "Non-violent second-strikers will be eligible to earn good time credits at 33.3% and will be eligible to earn milestone credits for completing rehabilitative programs." Id. Again, nothing in the order mandated the CDCR to immediately and retroactively grant all inmates a 34% good time credit reduction of their sentence. The Court further notes that Petitioner was found guilty of personally using a firearm during the commission of four of the robberies, and causing great bodily injury in two instances. Based on his offenses, Petitioner would not fall within the categories of "non-violent second-strike offender" or "minimum custody inmate."

Regardless, Petitioner fails to demonstrate a violation of his federal constitutional rights. While it is true that he seeks to have a federal order applied to him, any order directing the reduction of his state sentence would appropriately issue from a state court and not a federal court, because federal courts generally do not review state sentencing issues. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967). Petitioner fails to show that the state court's rejection of his claim was contrary to or an unreasonable application of Supreme Court authority. He fails to state a claim and any amendment would be futile. Thus, the petition should be summarily dismissed.

### III.   RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

///

///

///

636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 30, 2019**                             /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE